United States District Court
Northern District of California

United States District Court

Northern District of California

SARA VITERI-BUTLER,

          Plaintiff,

    v.

UNIVERSITY OF CALIFORNIA,
HASTINGS COLLEGE OF THE LAW,

          Defendants.

Case No.: CV 12-02651 PJH (KAW)

ORDER REGARDING DECEMBER 17, 2013 JOINT LETTER

      This employment action arises out of a reduction in workforce ("RIF") the University of California, Hastings College of the Law (the "College") implemented in 2012. The College terminated Plaintiff Sara Viteri-Butler during the RIF's implementation. She asserts various causes of action against the College, including claims for retaliation, and age, race, and disability discrimination. This matter was referred to the undersigned for discovery purposes. Before the court is the parties' December 17, 2013 joint letter. At issue is whether the College has complied with a prior order of this court, dated September 30, 2013. The central dispute is whether the College has satisfied the meet and confer requirements set out in that order. For the reasons set forth below, the court finds that neither party to this action has complied with the meet and confer requirements necessitating this additional discovery order.

## I.      BACKGROUND

      On September 30th,[1] the court resolved the parties' September 16th joint discovery letter. (Sept. 30, 2013 Order, Dkt. No. 58). In addressing disputes related to discovery of electronically stored information ("ESI") and Plaintiff's Requests for Production Nos. 2, 6, 15, 16, and 18,[2] the court ordered the College[3] to:

---

[1] All dates in this order are 2013 dates, unless otherwise indicated.

(1) File the stipulated protective order agreed upon by the parties within 7 days of th[e] order[;]

(2) Produce additional documents in response to Plaintiff's Requests for Production Nos. 2, 6, 15, 16, and 18 . . . within 21 days[;]

(3) Serve an updated certification of searches performed within 21 days[; and]

(4) File an updated privilege log within 21 days. . . .

(*Id.* at 14.) In the order, the court also gave the parties the following meet and confer instructions:

[A]fter the entry of the stipulated protective order and service of the College's supplemental responses, the parties are to meet and confer regarding any other remaining discovery disputes. The parties shall ensure that their meet and confer process conforms to the District's Guidelines for Discovery of Electronically Stored Information, the District's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information, and this court's Standing Order. If, following the meet and confer, Plaintiff is not satisfied with the College's production, the parties shall further meet and confer, in-person and in good faith, prior to seeking further court intervention by way of an updated joint letter.

(*Id.*)

On October 4th, Plaintiff asked the College whether it would be "amenable to a 90 day extension of discovery in order to comply with [the court's] September 30[th order.]" (Vartain Decl., Ex. E, Oct. 4 2013 Email from Patten to Vartain.) Plaintiff did not indicate her availability to meet and confer or otherwise propose that the parties meet to resolve their outstanding discovery disputes. (*See id.*) In response, the College requested Plaintiff's availability for a meet and confer to discuss "all outstanding discovery[,] including ESI . . . ." (Vartain Decl., Ex. E, Oct. 4, 2013 Email from Vartain to Patten.) The College also indicated it would be willing to discuss an extension of the discovery cut-off. [4] (*Id.*)

---

[2] In those requests, Plaintiff seeks any and all documents that refer or relate to (1) the College's RIF, (2) the Financial Aid Position at Hastings, (3) any efforts made to assure that Plaintiff had the opportunity to be transferred to another position, (4) the Director of Personnel providing records and reports to the Dean to ensure compliance with the RIF, and (5) special skills, knowledge, or abilities of employees that were not laid off from the financial aid office. Sept. 30, 2013 Order at 2, 4, 6, 7, 9.

[3] In this order, the terms "Plaintiff" and "College" refer not only to the respective party to this suit but also to the respective party's attorney.

[4] The presiding judge extended the November 1st discovery cut-off to November 20th. Nov. 5, 2013 Order, Dkt. No. 68.

United States District Court
Northern District of California

The parties met and conferred on October 25th.  (Patten Decl. ¶ 2, Dkt. No. 87; Vartain Decl. ¶ 25.)  During that meeting, the College requested a list of search terms.  (Patten Decl. ¶ 4.) Plaintiff did not provide the requested list, but the parties nonetheless discussed and ultimately identified a number of possible search terms during their meet and confer session.  (Patten Decl. ¶ 4.)  The possible search terms were "reorg," "reorganization," "layoff," "Sara," "Butler," and "reduction in force."  (*Id.* ¶ 5.)  The parties agree that they did not reach a resolution as to the ESI custodians to be searched and the search terms to be used.  (Patten Decl. ¶ 9; Vartain Decl. ¶ 27.)

After the parties met and conferred, the College sent an email to Plaintiff, indicating that it was available to meet and confer the following week (the week of the October 28th).  (Vartain Decl., Ex. F, Oct. 25, 2013 Email from Vartain to Pattern.)  The College also stated that it would send a letter, memorializing its "invitation that [Plaintiff] very soon set forth in a letter any further searches that [Plaintiff] would like [the College] to perform on its email exchange server and on any personal computers, including the combined search terms that [Plaintiff] would like [the College] to use."  *(Id.)*  On October 29th, Plaintiff indicated that she would be available to meet and confer that same week.  (Vartain Decl., Ex. G, Oct. 29, 2013 Letter from Patten to Vartain.) Neither party, however, finalized a meeting date or time.

The parties did not meet and confer the week of October 28th.[5]  Instead, the College searched the Chancellor's personal computers using some of the possible search terms discussed during the parties' October 25th meet and confer.  (Patten Decl., Ex. C, Oct. 31, 2013 Ltr. from Vartain to Patten.)  The College shared the results of that search with Plaintiff in a letter dated October 31st, in which the College also confirmed that Plaintiff "did not specify search terms" during the parties' October 25th meet and confer.  *(Id.)*  According to the College, a search using "viteri-butler," "reduction in force," and "financial aid assistant" returned 1,000 pages of documents, which had not been previously produced to Plaintiff.  *(Id.)*  A search using "reorg,"

---

[5] In the parties' joint letter, Plaintiff indicates that the parties met and conferred by phone at some point after their October 25th meet and confer.  Joint Ltr. at 2.  Absent from the parties' papers, however, is any writing memorializing the occurrence of any such meet and confer.

1    "reorganization," and "strategic plan" returned 20,000 documents.  *(Id.)*  These documents have

2    not been produced to Plaintiff.  (Joint Ltr. at 2, 7.)

3            In its October 31st letter, the College also stated that it would "further respond to

4    [Plaintiff's] letter of October 29 and other issues" and that after doing so, it would be "open to

5    scheduling a further discovery conference for next week [the week of November 4]."  *(Id.)*  The

6    College stated that it had "wide availability" on November 6th and "some availab[ility]" on

7    November 8th. (Vartain Decl., Ex. I, Nov. 1, 2013 Letter from Vartain to Patten.)

8            Plaintiff responded to this correspondence by letter dated November 5th.  (Vartain Decl.,

9    Ex. J, Nov. 5, 2013 Letter from Patten to Vartain.)  In that letter, Plaintiff "ask[ed] that [the

10   College] provide [its] availability to meet and confer to comply with [the court's September 30th

11   order]" and requested that the College meet with Plaintiff "to resolve these disputes as soon as

12   possible."  *(Id.)*  Plaintiff also expressed her disagreement with the manner in which the College

13   had decided to search the Chancellor's personal computers, given that the parties had not agreed

14   on search terms.  *(Id.)*  In response to that letter, the College invited Plaintiff to meet and confer

15   on November 8th.  (Vartain Decl., Ex. K, Nov. 6, 2013 Letter from Vartain to Patten.)  Nothing in

16   the record indicates that Plaintiff ever responded to the College's invitation to meet and confer on

17   November 8th.

18           On November 19th, Plaintiff filed a letter regarding the College's compliance with the

19   meet and confer requirements set out in the court's September 30th order.  (Pl.'s Nov. 19, 2013

20   Ltr., Dkt. No. 72.)  Plaintiff filed the letter "without the input of [the College's] counsel" because

21   he "refuse[d] to provide his portion . . . until November 22, 2013."  *(Id.* at 1.)  On that date, the

22   College filed a response to Plaintiff's letter.  (Def.'s Nov. 22, 2013 Ltr., Dkt. No. 75.)  As this

23   court's Standing Order requires that the parties submit a joint letter, rather than individual

24   submissions, the court directed the parties to file a joint letter consistent with that Standing Order.

25   (Nov. 25, 2013 Order, Dkt. No. 77.)

26           The parties filed that joint letter on December 17th.  (Joint Ltr., Dkt. No. 86.)  In the joint

27   letter, Plaintiff requests that the College be ordered to: (1) identify the email accounts used by the

28   College's decision-makers, (2) identify all computer systems used by the College's decision-

United States District Court
Northern District of California

4

makers to conduct Hastings' business, (3) immediately produce the documents resulting from Plaintiff's unilateral search, (4) make other ESI-related disclosures in a manner consistent with Rule 34.  (*Id.* at 5.)  Plaintiff also asks that the court sanction the College for refusing to meet and confer in good faith and further seeks leave to submit a request to recovery just costs for forcing the College's compliance with the court's September 30th order.  (*Id.*)  The College maintains that it is in full compliance with that order.  (*Id.* at 10).

## II.    DISCUSSION

As a preliminary matter, the court notes that Plaintiff repeatedly accuses the College of violating the court's September 30th order by failing to meet and confer as to various "remaining discovery disputes."  (*Id.* at 3, 5.)  Plaintiff's position on this point is problematic for two reasons. First, Plaintiff fails to adequately identify the "remaining discovery disputes" that provide the basis for her allegation.  (*See id.* at 2, 3, 5.)  Second, the extent to which Plaintiff has identified those disputes exposes the severe deficiencies in the claim that the disputes implicate the court's September 30th order.  (*See id.* at 4, 5, n.2.)  For example, in the instant joint letter, Plaintiff raises a number of issues with respect to Requests for Production Nos. 22-32, 33-64, 75, 77-82, 83-103, and 107, even though the court's September 30th order only addressed Requests for Production Nos. 2, 6, 15, 16 and 18 and ESI matters specific to those requests for production.  (*See id.* at 4, 5 n.2; Sept. 30, 2013 Order at 2, 4, 6, 7, 9.)  The court did, however, order the parties to meet and confer regarding any other disputes.  (Sept. 30, 3013 Order at 14.)

In this respect, Plaintiff's request for relief is improper.  Plaintiff had an opportunity to raise any issues related to other requests for production in a timely-filed joint letter.  The court may not now, long past the extended November 20th discovery cut-off, entertain issues that Plaintiff should have raised earlier.  *See* Civil L.R. 37-3; Nov. 5, 2013 Order, Dkt. No. 68 ("The court will extend the discovery cut-off date to November 20, 2013 . . . No further continuances will be granted.").  The court may certainly not consider these newly-raised discovery disputes as a legitimate basis for granting Plaintiff the relief she seeks in the instant joint letter, or as a proper basis for concluding that the College has not complied with a court order that does not address these disputes in the first place.

United States District Court
Northern District of California

With that in mind, the court turns to the merits of the parties' respective positions. Plaintiff alleges that the College did not comply with the requirement that the parties meet and confer in good faith.  (Joint Ltr. at 3.)  The College maintains that it is in full compliance with the court's September 30th order.  (Joint Ltr. at 10.)  The court is not persuaded by the College's arguments, nor is Plaintiff's position particularly compelling.  Indeed, the papers filed by the parties reveal that they have not cooperated during the discovery process and have done little to attempt to resolve their disputes without court intervention.

### A.   Plaintiff's request for the email accounts used by the decision-makers

In her first request, Plaintiff asks that the court order the College to "identify the email accounts used by the decision[-]makers."  (Joint Ltr. at 5.)  Plaintiff, however, does not tie the request to any formal discovery device employed in this case thus far.  In fact, the College states that it has received "no interrogatories, requests for admission, deposition questions or other discovery demands for identification of the names of email accounts used by any officer, agent, or employee of Hastings."  (*Id.* at 9.)  As such, Plaintiff's request is improper.  Plaintiff should have made a formal request for the email account information prior to the close of discovery.  If it had, it could have presented any issues specific to such request via a timely-filed joint letter. Plaintiff's request for an order requiring the College to identify the email accounts of its decision-makers is therefore denied.

### B.   Plaintiff's request for all computer systems used by the decision-makers for business purposes

Plaintiff also requests that the College "identify all computer systems used by the decision[-]makers to conduct [the College's] business."  (Joint Ltr. at 5.)  Specifically, Plaintiff seeks information about "the variety of personal computing devices and shared drives used by . . . individual custodians."  (*Id.* at 3.)

During the parties' October 25 meet and confer session, Plaintiff asked the College to "identify the computers used by the witnesses, whether they were all just desktop computers or whether there were laptops, tablets, and smartphones involved."  (Patten Decl. ¶ 8.)  The College responded that College employees "use the [College] server for their email, whether from their

6

office PC or their smart phones and that the server had been properly searched."  (Vartain Decl. ¶ 53.)  This response misses the point.

The court ordered College to produce additional documents responsive to Plaintiff's Requests for Production Nos. 2, 6, 15, 16, and 18.  (Sept. 30, 2013 Order at 14.)  In those requests, Plaintiff seeks various documents related to the issues in this case, not just email communications.  (*See id.* at 2, 4, 6, 7, 9.)  Those documents may be stored on a number of different devices or media.  For example, a document may be saved locally on an employee's laptop or on one of the College's shared drives.  As such, the College's email server may not contain all documents responsive to Plaintiff's Requests for Production Nos. 2, 6, 15, 16, and 18.

In its September 30th order, the court expressly directed the parties to various sections of the Northern District's Checklist for Rule 26(f) Meet and Confer Regarding ESI.  (Sept. 30, 2013 Order at 13.)  The court specifically noted that the resource encourages the parties to discuss the: "[d]escription of systems in which potentially discoverable information is stored" and "[h]ow potentially discoverable information is stored."  (*See id.*)  In light of these previous directions on this matter, the court is not persuaded that the College's response on this point sufficiently describes the systems in which potentially discoverable information is stored or explains how such information is stored.  As stated above, it is unlikely that the College's email server contains all responsive documents given that employees may save files locally to their personal drives or a designated shared drive as opposed to the College email server.

Accordingly, the College shall provide Plaintiff with a list of the various computer systems and electronic devices the decision-makers use for business purposes within 7 days of this order.  This may include tablets, smart phones, shared drives, etc.  If counsel is unable to supply this information, it shall seek the assistance of a qualified College employee, such as a member of the College's Information Technology Department, in order to provide the information.  The College will provide the requested information for at least the following group of decision-makers:  Chancellor Frank Wu, Executive Director Marie Hairston, Academic Dean Shauna Marshall, Financial Aid Director Linda Bisesi, and Assistant Academic Dean Keith Wingate.  If this list does not include all decision-makers or ESI custodians, the College shall

United States District Court
Northern District of California

supplement it accordingly so that the list it serves on Plaintiff identifies all decision-makers and ESI custodians as well as the various systems and devices they use for business purposes.

### C.   Plaintiff's request that the College be ordered to produce documents it has located through its unilateral search

In her third request, Plaintiff seeks production of the documents the College has located through its unilateral search.  (Joint Ltr. at 5.)

On this point, the College responds that it has offered to do a search using combined search terms to narrow the volume of the 20,000 documents it has obtained.  (Joint Ltr. at 10.)  It adds that Plaintiff has not requested production of the documents.  *(Id.)*  The court agrees with the College to the extent it suggests that a search is necessary to narrow the volume of the documents obtained.  The court, however, finds it unacceptable to limit the scope of a combined search to the documents the College has obtained by searching for potentially discoverable information without first obtaining a list of search terms.  The court acknowledges that Plaintiff has declined to supply such a list, but the court disagrees that the College should have construed that as permission to conduct a search on its own terms, especially in light of the court's previous meet and confer instructions.

At this time, the College need not produce the documents it has located through its unilateral search.  Instead, the College shall search the systems it has already identified in its amended certification of searches performed.  (*See* Patten Decl., Ex. A, Amended Certification of Searches Performed.)  The College shall also search the systems and devices it identifies pursuant to Part II.B of this order.  The College shall perform these searches according to Plaintiff's combined search terms.  Plaintiff shall provide the College with a list of combined search terms within 7 days of this order.  That list shall contain no more than 20 individual strings of combined search terms.[6]  For example, the terms "reorg," "sara," and "layoff" would constitute a single string of combined search terms.  The College will then perform the searches within 14 days of

---

[6] 20 strings of search terms would allow Plaintiff to designate two strings of search terms to each of the decision-makers discussed *supra* Part II.B.

United States District Court
Northern District of California

receipt of Plaintiff's search terms and produce additional documents responsive to Requests for Production Nos. 2, 6, 15, 16, and 18 within 21 days of receipt of Plaintiff's search terms.

### D.      Plaintiff's request for other ESI-related information

In her fourth request, Plaintiff seeks an order requiring the College "to respond in a Rule 34-compliant fashion whether responsive documents exist, which ESI systems have been searched, which custodians' ESI was searched, and what search terms were used."  (Joint Ltr. at 5.)

Given the nature of this request, the court construes it as one for an updated certification of searches performed.  Accordingly, after performing the search pursuant to Part II.C of this order, the College shall provide Plaintiff with an updated certification of searches performed within 21 days of receipt of Plaintiff's search terms.

### E.      Plaintiff's request for sanctions and for leave to seek just costs

Finally, Plaintiff requests that the court sanction the College "for refusing to meet and confer in good faith by [not] adhering to the Court's ESI guidelines" and further seeks leave to recover costs incurred in forcing the College's compliance with the court's September 30th order.

Because Plaintiff's request for sanctions does not comply with Civil Local Rules 7-8 (requiring separately noticed motion and hearing date) and 37-4 (requiring declaration that includes itemization of costs caused by alleged violation), the court denies the request without prejudice.  Should Plaintiff decide to proceed with filing a motion that complies with these local rules, the court invites Plaintiff to consider whether she is likely to prevail on such a motion, given her failure to provide a list of proposed search terms, as requested by the College during the parties' October 25th meet and confer, and her decision to send a letter on November 5th, demanding an immediate resolution to outstanding discovery issues, instead of scheduling a further meet and confer on November 6th or November 8th, the dates which the College had proposed for a further meet and confer on those issues.  Indeed, the court finds it rather unreasonable to demand an immediate meeting rather than accept the invitation to meet on November 6th, when the College had wide availability, or November 8th, when the College could have also participated in a further meet and confer session.

United States District Court
Northern District of California

9

### III.   CONCLUSION

For the reasons set forth above, the court hereby orders as follows:

1. Plaintiff's request for any relief as to requests for production not addressed by the court in the September 30th order is denied.

2. Plaintiff's request for the email accounts of the College's decision-makers is denied.

3. Plaintiff's request for information about the computer systems used by decision-makers for business purposes is granted.  The College shall provide Plaintiff with a list of the various computer systems and electronic devices the decision-makers use for business purposes within 7 days of this order.  This may include tablets, smart phones, shared drives, etc.  If counsel is unable to supply this information, it shall seek the assistance of a qualified College employee, such as a member of the College's Information Technology Department, in order to provide the information.  The College will provide the requested information for at least the following group of decision-makers:  Chancellor Frank Wu, Executive Director Marie Hairston, Academic Dean Shauna Marshall, Financial Aid Director Linda Bisesi, and Assistant Academic Dean Keith Wingate.  If this list does not include all decision-makers or ESI custodians, the College shall supplement it accordingly so that the list it serves on Plaintiff identifies all decision-makers and ESI custodians as well as the various systems and devices they use for business purposes.

4. Plaintiff's request for production of documents the College has located through its unilateral search is denied.  The College, however, shall search the systems it has already identified in its amended certification of searches performed.  (*See* Patten Decl., Ex. A, Amended Certification of Searches Performed.)  The College shall also search the systems and devices it identifies pursuant to Part II.B of this order.  The College shall perform these searches according to Plaintiff's combined search terms.  Plaintiff shall provide the College with a list of combined search terms within 7 days of this order.  That list shall contain no more than 20 individual strings of combined search terms.  For example, the terms "reorg," "sara," and "layoff" would constitute a

single string of combined search terms.  The College will then perform the searches within 14 days of receipt of Plaintiff's search terms and produce additional documents responsive to Requests for Production Nos. 2, 6, 15, 16, and 18 within 21 days of receipt of Plaintiff's search terms.

5.  Plaintiff's request for ESI-related information is granted.  After performing the search pursuant to Part II.C of this order, the College shall provide Plaintiff with an updated certification of searches performed, also within 21 days of receipt of Plaintiff's search terms.

6.  Plaintiff's request for sanctions and for leave to seek costs is denied without prejudice.

7.  The parties shall meet and confer to discuss any remaining discovery disputes on January 22, 2014, immediately following the hearing on the summary judgment motion pending in this case.

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

DATE: January 7, 2014

KANDIS A. WESTMORE
United States Magistrate Judge